FILED

OCT 16 2018

Clerk, U.S. Courts
District Of Montana
Billings Division

MEGAN L. DISHONG
Assistant U.S. Attorney
U.S. Attorney's Office
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 829-3323
FAX: (406) 542-1476
megan.dishong@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| IN THE MATTER OF THE INSPECTION OF:<br><br>DEA Registration AB 1235577 for Billings Clinic Atrium Hospital | MC 18-07 BLG-TJC<br><br>AFFIDAVIT IN SUPPORT OF ADMINISTRATIVE INSPECTION WARRANT |
|---|---|

I, Christopher Davis, being first duly sworn, hereby depose and state as follows:

That I am a duly appointed Diversion Investigator of the Drug Enforcement Administration, United States Department of Justice, assigned to the Tactical Diversion Squad of the Billings Resident Office.

That pursuant to Sections 878(2) and 880(b)(1), (2), and (3), Title 21, United States Code (U.S.C.), and Section 3, Appendix to Subpart R. Title 28, Code of Federal Regulations (C.F.R.), your affiant is authorized to execute administrative

1

inspection warrants for the purpose of inspecting controlled premises of persons and firms registered under the Controlled Substances Act (CSA) (21 U.S.C. 800) et seq., in order to inspect, copy and verify the correctness of all records, reports and other documents required to be kept or made under Section 827, Title 21, U.S.C. and Section 1304.01 et seq.

That pursuant to Section 880 (d)(1), Title 21, U.S.C. that any judge of the United States or of a State court of record, or any United States magistrate judge, may, within his territorial jurisdiction, and upon proper oath or affirmation showing administrative probable cause, issue warrants for the purpose of conducting administrative inspections authorized by this subchapter or regulations thereunder, and seizures of property appropriate to such inspections. For the purposes of this section, the term "probable cause" means a valid public interest in the effective enforcement of this subchapter or regulations there under sufficient to justify administrative inspections of the area, premises, building, or conveyance, or contents thereof, in the circumstances specified in the application for the warrant.

That Billings Clinic Atrium Hospital is registered under the provisions of the CSA, Title 21, U.S.C., Section 823 et seq., as a Hospital/Clinic and has been assigned DEA registration number AB1235577 in Schedules II, IIN, III, IIIN, IV and V, and is doing business at 2800 Tenth Avenue North, Billings, Montana 59101. That said place of business is a controlled premises within the meaning of Section 880(a), Title 21, U.S.C. and Section 1316.02(c), Title 21, C.F.R.

That Billings Clinic Atrium Hospital is required to keep complete and accurate records of all controlled substances received, sold, delivered or otherwise disposed of by it pursuant to 21 U.S.C. 827 and 21 C.F.R. § 1304.01 et seq. on the controlled premises.

That I have examined the files and records of the Drug Enforcement

2

Administration and have determined that Billings Clinic Atrium Hospital has never had an inspection that included an evaluation of security, record keeping requirements, and an accountability audit of controlled substances.

That I have also reviewed records and determined that Billings Clinic Atrium Hospital has submitted five (5) reports of theft or loss of controlled substances in the past two (2) years to the Drug Enforcement Administration. A theft and loss of controlled substances report, dated January 4, 2018, documented the loss of one hundred (100) oxycodone 10mg tablets which occurred by an employee throwing them in the garbage on accident. A theft and loss of controlled substances report, dated June 22, 2018, documented the loss of four (4) fentanyl 12mcg/hr patches which occurred by a technician accidentally disposing of the patches in the trash. Both fentanyl and oxycodone are Schedule II controlled substances. A theft and loss report of controlled substances report, dated March 16, 2017, documented the loss of two hundred (200) mL of fentanyl 100mcg/2mL vials through employee pilferage. The fentanyl pilferage was investigated by the Drug Enforcement Administration and the Food and Drug Administration Office of Criminal Investigation and resulted in the indictment of Donald Friedlich Mills III for TAMPERING WITH CONSUMER PRODUCTS, Title 18 U.S.C. § 1365(a)(Count I) and ACQUIRING FENTANYL BY MISREPRESENTATION, FRAUD, FORGERY, AND DECEPTION, Title 21 U.S.C. § 843(a)(3)(Count II). Donald Mills pleaded guilty to the indictment on May 22, 2018, and currently awaits sentencing. Based on my training and experience, the pilferage and loss of controlled substances are indications of a failure to maintain effective controls and procedures to guard against theft and diversion as required by 21 C.F.R. § 1301.71(a).

I further represent the need for the inspection of the registered location and the need for verifying the correctness of inventories, records, reports, and other documents required to be kept under the CSA and the need for verifying the security provisions utilized by the registrant in storing and handling controlled substances result from a valid public interest in the effective enforcement of the CSA and implementing regulations.

I further state that the inspection will be conducted within regular business hours, and that Investigator's credentials will be presented to the registrant, and that the inspection will begin as soon as practicable after the issuance of the warrant and will be completed with reasonable promptness and that the warrant will be returned within ten (10) days.

I further state that the inspection will extend to the inspection and copying of inventories, records, reports, prescriptions, order forms, invoices, patient files for patients who have been dispensed controlled substances, and other documents required to be kept and the inspection of all other things therein including records, files, and papers appropriate for the verification of the records, reports, and documents required to be kept under the CSA. The inspection will also extend to the inspection and inventory of stocks of controlled substances, finished or unfinished substances and pertinent equipment associated with the storage and handling of controlled substances, and if necessary any applicable records and/or samples of controlled substances will be seized.

I will be accompanied by one or more Investigators who are employees of the Attorney General authorized to conduct administrative inspections.

A return will be made to this Magistrate upon the completion of the inspection.

4

I further state that I have verified and have knowledge of the facts alleged in this affidavit and the above information is true and correct to the best of my knowledge.

Respectfully submitted,

Christopher Davis
Diversion Investigator
Drug Enforcement Administration


Subscribed and sworn
Before me on this __16__ day of October, 2018

Timothy J. Cavan
United States Magistrate Judge
District of Montana